### IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**EDDIE WILSON,**

      **Petitioner,**

**vs.**                     **Case No. 4:14cv545-MW/CAS**

**STATE OF FLORIDA,**

      **Respondent.**

_____/

### <u>REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION</u>

On October 13, 2014, Petitioner Eddie Wilson, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.  Petitioner subsequently filed a supporting memorandum.  ECF No. 6.  Petitioner challenges his convictions and sentences entered February 6, 2012, by the Second Judicial Circuit, Jefferson County, Florida, in cases 11-132 CFMA and 11-139 CFMA.  ECF No. 1.  On May 19, 2015, Respondent filed a motion to dismiss the habeas petition as untimely, with exhibits.  ECF No. 15.  Petitioner has filed a reply to the motion to dismiss. ECF No. 17.  Petitioner has also filed a "Motion to Stay."  ECF No. 19.

The matter was referred to the undersigned magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and

Northern District of Florida Local Rule 72.2(B).  After careful consideration,

the undersigned has determined no evidentiary hearing is required for the

disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The

pleadings and attachments before the Court show the petition is untimely

and should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist.

Cts (authorizing dismissal "[i]f it plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief" in federal court).

## State Court Proceedings

Petitioner Wilson entered a negotiated plea agreement in cases 11-

132 CFMA (two counts) and 11-139 CFMA (five counts), and the state trial

court sentenced him on February 6, 2012, pursuant to the terms of that

agreement.  ECF No. 15 at 3-4; *see* Exs. A3, A4, B3, B4, C.[1]  Specifically,

the court sentenced Wilson, in 11-139, to ten (10) years in prison, minimum

mandatory, followed by five (5) years of probation, subject to early

termination if he completes drug treatment and restitution, and, in 11-132,

to five (5) years in prison, to run concurrent with his prison sentence in 11-

139.  Exs. A4; B4; C at 5-7, 10-13.  On February 21, 2012, Wilson filed a

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits
submitted with Respondent's Motion to Dismiss, ECF No. 16.

pro se notice of appeal.  Ex. D.  By order on April 17, 2012, the First District

Court of Appeal (DCA) dismissed Wilson's appeal, assigned case number

1D12-1002, due to his failure to pay the filing fee or obtain an order of

insolvency from the trial court.  Ex. H; *see* Exs. E, F, G.  Wilson filed a

motion for rehearing, Ex. I, which the First DCA denied by order on June

25, 2012, explaining the motion was considered as a motion for

reinstatement and the denial was "without prejudice, appellant having failed

either to pay the $300.00 filing fee or to submit an order of insolvency by

the lower tribunal within the last six months," Ex. L.

On October 31, 2012, Wilson filed a pro se motion for post-conviction

relief in the state trial court, pursuant to Florida Rule of Criminal Procedure

3.850.  Ex. M.  On April 3, 2013, Wilson filed a "Notice of Dismissal,"

pursuant to Rule 3.190, giving "Notice to this court and all Parties of this

dismissal of the Pending 'Restitution' and Probation filed with this court on

2-6-12" and asserting the court had erred in the restitution order.  Ex. N.

On May 22, 2013, Wilson filed a "Motion to Hear and Rule."  Ex. O.  In

orders dated June 18, 2013, and rendered June 24, 2013, the state trial

court denied on the merits both the Rule 3.850 motion, Ex. P, and the

"Notice of Dismissal," which the court treated as a motion to correct illegal

sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), Ex. Q.

On August 6, 2013, Wilson provided a notice of appeal to prison officials for

mailing.  Ex. R1.  Although the Office of the Attorney General, Criminal

Appeals, received this notice on August 14, 2013, no docket entry for the

notice of appeal appears in the state circuit court for either case number.

*Id.*; *see* Exs. A1, B1.

On September 3, 2013, Wilson filed a "Notice of Belated Appeal"

regarding the circuit court's June 2013 orders denying post-conviction

relief.  Ex. R2.  In an order dated October 15, 2013, the First DCA directed

Wilson to show cause why the appeal, assigned case number 1D13-4934,

should not be dismissed as untimely.  Ex. S.  On October 23, 2013, Wilson

filed a response.  Ex. T.  In an opinion dated December 5, 2013, the First

DCA dismissed the case without prejudice to Wilson's right to file a petition

for belated appeal pursuant to Florida Rule of Appellate Procedure

9.141(c).  Ex. U; Wilson v. State, 132 So. 3d 263 (Fla. 1st DCA 2013).  On

December 20, 2013, Wilson filed a "Motion for Rehearing/Clarification,"

Ex. V, which the First DCA denied by order on February 25, 2014, Ex. W.

The mandate issued March 13, 2014.  Ex. X.

On March 7, 2014, Wilson filed a pro se petition for belated appeal in the First DCA, assigned case number 1D14-1105, regarding the circuit court's June 2013 orders denying post-conviction relief.  Ex. Y.  On March 14, 2014, the First DCA directed Wilson to file a supplemental appendix containing a copy of the circuit court's orders.  Ex. Z.  Wilson filed a supplemental appendix on March 31, 2014.  Ex. AA.  By order dated April 7, 2014, the First DCA explained the supplemental appendix did not contain a copy of the order for which Wilson sought a belated appeal, again directed him to file an appendix containing a copy of the order, and warned him that failure to comply may result in dismissal of the case.  Ex. BB. Wilson filed another supplemental appendix, which did contain copies of the June 2013 orders.  Ex. CC.  On May 13, 2014, the First DCA denied on the merits the petition for belated post-conviction appeal, without explanation.  Ex. DD; Wilson v. State, 141 So. 3d 185 (Fla. 1st DCA 2014). Wilson filed a motion for rehearing, Ex. EE, which the First DCA denied by order on July 2, 2014, Ex. FF.

Wilson filed his § 2254 petition in this Court on October 13, 2014. ECF No. 1.  He raises four grounds, all alleging trial court error in his sentencing: (1) trial court departed from the guideline sentence without a

written reason, *id.* at 5; (2) trial court erred when it sentenced Petitioner to ten (10) years minimum mandatory where "the case at bar does not demonstrate that [he] ever poss[essed] a firearm," *id.* at 7; (3) trial court sentenced Petitioner "to a stiffer sentence than orig[inally] imposed," *id.* at 8; and (4) trial court erred in imposing restitution, *id.* at 10.  Respondent has filed a motion to dismiss the § 2254 petition as untimely.  ECF No. 15. Wilson has filed a reply.  ECF No. 17.

## Timeliness

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* at § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence.  *Id.* at § 2244(d)(1)(B)-(D).  The period

is tolled for the time during which a "properly filed" application for relief is pending in state court.  *Id.* at § 2244(d)(2).[2]

In this case, as set forth above, the First DCA dismissed Wilson's direct appeal on April 17, 2012, for failure to pay the filing fee or submit an order of insolvency.  Ex. H  Wilson filed a motion for rehearing, Ex. I, which the First DCA treated as a motion for reinstatement and denied without prejudice on June 25, 2012, Ex. L.  Allowing Wilson 90 days thereafter to seek certiorari review in the U.S. Supreme Court, his conviction became final for AEDPA purposes on September 23, 2012, starting his one-year AEDPA limitations period.  *See* 28 U.S.C. § 2244(d)(1)(A); S.Ct. R. 13.1 (providing that petition for writ of certiorari is timely when filed within 90 days of entry of judgment or order), 13.3 (providing: "The time to file a petition for a writ of certiorari runs from the date of the entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).  But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte

---

[2] The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.").

The AEDPA time ran for 38 days until Wilson filed his Rule 3.850 motion on October 31, 2012.  Ex. M.  Wilson also filed his "Notice of Dismissal" on April 3, 2013.  Ex. N.  The state trial court considered the Notice of Dismissal as a Rule 3.800(a) motion and denied it, along with the Rule 3.850 motion, in orders rendered June 24, 2013.  Exs. P, Q.  Wilson then had thirty (30) days to appeal these orders, until July 24, 2013; however, he did not file a timely appeal.  Accordingly, his AEDPA time began running again on July 25, 2013, and expired 327 days later, on June 16, 2014.

Although Wilson filed a Notice of Belated Appeal and subsequently filed a Petition for Belated Appeal in the First DCA, concerning the denial of his post-conviction motions, these filings did not toll his AEDPA time.  *See* Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137 (11th Cir. 2015).  As the Eleventh Circuit Court of Appeals has recently explained, "a petition for belated appeal is not an 'application for State post-conviction or other

collateral review with respect to the pertinent judgment,' 28 U.S.C.

§ 2244(d)(2)." *Id.* at 1141.  More specifically, the court held that "filing a

petition for belated appeal of an order denying state collateral relief does

not toll the federal limitation period for a petition for a writ of habeas

corpus." *Id.*  The court explained:

> Espinosa's petition for belated appeal is not an "application for State post-conviction or other collateral review with respect to the pertinent judgment," 28 U.S.C. § 2244(d)(2). "[R]eview of a petition for belated appeal does not reach the merits of the anticipated appeal or the validity of the order to be appealed, but instead reviews the grounds for relieving the petitioner of his or her failure to timely seek such an appeal." Jones v. State, 922 So. 2d 1088, 1090 (Fla. Dist. Ct. App. 2006).  "[I]t challenges events that occur after the final order is rendered."  *Id.*  An appellate court decides that a petitioner is entitled to belated appeal by considering whether his lawyer failed to file a timely appeal upon request, his lawyer misadvised him as to the availability of review, or there were 'circumstances unrelated to [his] counsel[] . . . that were beyond the petitioner's control and otherwise interefered with the petitioner's ability to file a timely appeal.' Fla. R. App. P. 9.141(c)(4)(F).  A petitioner seeking belated appeal does not need "to allege that the issues that would be presented on appeal are potentially meritorious."  State v. Trowell, 739 So. 2d 77, 80 (Fla. 1999).  The appellate court considering the petition does not reexamine the underlying judgment or claim, and a ruling on the petition cannot make "amendment[s] or improvement[s]" to the terms of custody. [Wall v.] Kholi, 131 S.Ct. [1278], 1285 [(2011)] (quoting Kholi v. Wall, 582 F.3d 147, 153 (1st Cir. 2009) (internal quotation mark omitted). Accordingly, a petition for belated appeal is not an application for collateral review within the meaning of section 2244(d).

     Our reasoning mirrors how a Florida court would treat a petition for a belated direct appeal in determining the timeliness of a state motion for collateral review.  That is, an unsuccessful petition for belated appeal of a criminal conviction, under Florida law, does not toll the limitation period for state collateral review.  See Jones, 922 So. 2d at 1089-90.  Unlike motions for new trial, for rehearing, or to correct a sentence, which do toll the rendition of a final order, a petition for belated appeal "does not challenge directly any specific ruling" in the criminal case. *Id.* at 1090.  In the same way, filing a petition for belated appeal of an order denying state collateral relief does not toll the federal limitation period for a petition for a writ of habeas corpus.

*Id.*  Accordingly, Wilson's § 2254 petition, filed October 13, 2014, is

untimely and should be dismissed.

## Conclusion

     For the reasons stated above, Respondent's motion to dismiss the

§ 2254 petition as untimely (ECF No. 15) should granted, and the § 2254

petition (ECF No. 1) should be dismissed.  Petitioner's "Motion to Stay"

(ECF No. 19) should also be denied.

## Certificate of Appealability

     Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S.

District Courts  provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the

applicant," and if a certificate is issued "the court must state the specific

issue or issues that satisfy the showing required by 28 U.S.C. §

2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be

filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a

constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S.

473, 483-84 (2000) (explaining how to satisfy this showing) (citation

omitted).  Therefore, the Court should deny a certificate of appealability in

its final order.  Leave to appeal in forma pauperis should also be denied, as

an appeal would not be taken in good faith.  See Fed. R. App. P.

24(a)(3)(A) (providing that before or after notice of appeal is filed, court

may certify appeal is not in good faith or party is not otherwise entitled to

appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering

the final order, the court may direct the parties to submit arguments on

whether a certificate should issue."  Petitioner shall make any argument as

to whether a certificate should issue by filing objections to this report and

recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 15) be **GRANTED**, the § 2254 petition for writ of habeas corpus (ECF No. 1) be **DISMISSED**, the "Motion to Stay" (ECF No. 19) be **DENIED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 3, 2015.

s/  **Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**